# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY GUSTAFSON,<br><br>    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br>SUNTRUST MORTGAGE, INC.,<br>and DOES 1-100, inclusive,<br><br>    Defendants. | Case No.:  16cv1733 BTM(KSC)<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTION TO REMAND [ECF NO. 11]; (2) SUA SPONTE REMANDING CASE ON ABSTENTION GROUNDS; (3) DENYING AS MOOT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [ECF NO. 8]** |

## I.   Introduction

In this action, Plaintiff seeks to remedy Defendants' alleged violation of a Settlement Agreement reached in resolution of an earlier lawsuit contesting the denial of a mortgage loan modification.  Before the Court are Plaintiff's Motion to Remand [ECF No. 11] and Motion for Preliminary Injunction [ECF No. 8].  As discussed below, although the Court does not agree this case should be remanded for the reasons raised in Plaintiff's Motion to Remand, it nevertheless finds it must abstain from exercising jurisdiction over this case under the doctrine of prior exclusive jurisdiction.  The Court thus denies Plaintiff's Motion to Remand, sua sponte orders the case remanded to state court, and denies as moot Plaintiff's Motion for Preliminary Injunction.

## II. Background

This case involves the alleged breach of a Settlement Agreement the parties reached in resolution of an underlying action filed in 2014 (the "2014 Lawsuit"). To better understand this case, it helps to know the history of the 2014 Lawsuit.

### A. The 2014 Lawsuit

On June 13, 2014, Plaintiff filed an action against Defendants SunTrust Mortgage, Inc. ("SunTrust") and Bank of America, N.A. ("Bank of America") (collectively, "Defendants") in the Superior Court of California for the County of San Diego, alleging he had been wrongfully denied a modification of the mortgage on his residential real property (the "Property").[1] In 2006, Plaintiff and his wife, Carla Gustafson, obtained a mortgage refinance loan from SunTrust in the amount of $495,000, secured by a Deed of Trust on the Property.[2] A Notice of Default recorded on the Property on May 1, 2013, stated the loan payments were thousands of dollars overdue.[3]

In the 2014 Lawsuit, Plaintiff alleged that after applying to SunTrust for a loan modification, on December 31, 2013, he was informed he had been denied, based on what he regarded as an erroneous determination that he did not qualify for the modification.[4] He allegedly sent SunTrust a timely appeal of its decision and telephonically confirmed the appeal package had been received.[5] On March 13, 2014, SunTrust sent Plaintiff a notification that the appeal had been denied

---

[1] ECF No. 1-1, Not. of Removal, Ex. A-Part 1, at 2-42 (Pl.'s Compl.), Gustafson v. Bank of America, N.A., No. 14-cv-1801-CAB-KSC (S.D. Cal. July 31, 2014) (hereafter, "Gustafson, No. 14-cv-1801-CAB-KSC"). Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of records filed with the court in the 2014 Lawsuit. Fed. R. Evid. 201(b); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (court may take judicial notice of its own records); Jacobsen v. Mims, 2013 WL 1284242, *2 (E.D. Cal. 2013) ("The Court may take judicial notice of court records.")
[2] ECF No. 1-2, Not. of Removal, Ex. A-Part 2, at 18-32 (Def.'s RJN Ex. A), Gustafson, No. 14-cv-1801-CAB-KSC.
[3] Id. at 45 (Def.'s RJN Ex. F).
[4] Not. of Removal, Ex. A-Part 1, at 7-8 (Pl.'s Compl. ¶ 25), Gustafson, No. 14-cv-1801-CAB-KSC.
[5] Id. at 8 (Pl.'s Compl. ¶¶ 26-31).

because it had "expired", a determination Plaintiff also viewed as erroneous.[6] While Plaintiff tried to challenge the decision that his appeal had expired, SunTrust moved forward with foreclosure proceedings.[7] On April 3, 2014, SunTrust recorded a Notice of Trustee's Sale on the Property,[8] and on May 6, 2014, the Property was sold to Bank of America at a Trustee's Sale.[9]

Plaintiff challenged SunTrust's denial of his appeal of the loan modification and its failure to stop or postpone the foreclosure proceedings while he challenged denial of the appeal.[10] He also contested the validity of the Trustee's Sale by which Bank of America took title to the Property.[11] He stated causes of action (1) to quiet title; (2) for violations of California Civil Code sections 2923.6, 2923.7, and 2924.17; (3) for violation of California Business & Professions Code section 17200; and (4) for declaratory relief. He sought various forms of equitable relief, including orders enjoining Defendants from depriving him of ownership or possession of the Subject Property, cancelling the Notice of Trustee's Sale "and any subsequent recording," disgorging the title to the Property from Defendants, and requiring Defendants to consider his appeal packages, as well as unspecified "statutory remedies" under California Civil Code § 2924, and monetary damages "in no event amounting to over $5,000."[12]

On July 31, 2014, the action was removed to this federal district court based on diversity of citizenship jurisdiction.[13] On November 3, 2014, Judge Bencivengo entered an order dismissing the complaint with leave to amend.[14]

On November 13, 2014, before the deadline for amending the complaint had

---

[6] Id.
[7] Id. at 8-9 (Pl.'s Compl. ¶¶ 31-33).
[8] Not. of Removal, Ex. A-Part 2, at 49-51 (Def.'s RJN Ex. G), Gustafson, No. 14-cv-1801-CAB-KSC.
[9] Id. at 53-56 (Def.'s RJN Ex. H).
[10] Not. of Removal, Ex. A-Part 1, at 9 (Pl.'s Compl. ¶¶ 32-33), Gustafson, No. 14-cv-1801-CAB-KSC.
[11] Id. at 10 (Pl.'s Compl. ¶¶ 38-40).
[12] Id. at 16 (Pl.'s Compl., Prayer for Relief).
[13] ECF No. 1, Not. of Removal, Gustafson, No. 14-cv-1801-CAB-KSC.
[14] ECF No. 17, Order Denying Mot. Remand, Granting Mot. to Dismiss, Gustafson, No. 14-cv-1801-CAB-KSC.

elapsed, the parties filed a Stipulation indicating that they had entered into a settlement agreement (the "Settlement Agreement"), pursuant to which Plaintiff agreed to dismiss with prejudice all of his pending claims.[15]  The Stipulation did not attach the Settlement Agreement, nor did the parties request the court to retain ancillary jurisdiction to enforce its terms.  On November 14, 2014, pursuant to the Stipulation, Judge Bencivengo entered an order dismissing the action with prejudice.[16]

B. 2016 Lawsuit

The Settlement Agreement did not result in the anticipated end to the parties' disputes.  On May 10, 2016, Plaintiff filed a second action against Defendants in the Superior Court for the County of San Diego, case number 37-2016-00015489-CU-OR-NC (the "2016 Lawsuit").[17]

In a First Amended Complaint ("FAC") filed on June 9, 2016, Plaintiff alleged Defendants breached the terms of the Settlement Agreement.[18]  Plaintiff, who is appearing in pro se, did not attach the Settlement Agreement to his FAC, apparently out of concern that it is confidential.[19]  Liberally interpreted, the FAC alleges that one of the terms of the Settlement Agreement was that Plaintiff would be permitted to submit a loan modification application to SunTrust. The Settlement Agreement apparently included a deadline by which the loan application had to be submitted; according to Plaintiff, the deadline was extended by SunTrust's attorney.[20]  Plaintiff alleges that he sent SunTrust the loan modification application by the extended deadline.[21]  However, despite the fact that the Settlement Agreement required SunTrust to approve or deny Plaintiff's application within 21

---

[15] ECF No. 19, Stip. Dismissal with Prej., Gustafson, No. 14-cv-1801-CAB-KSC.
[16] ECF No. 20, Order Granting Jt. Mot. Dismiss with Prej., Gustafson, No. 14-cv-1801-CAB-KSC.
[17] ECF No. 1-2, Not. of Removal Ex. A (Pl.'s Compl.).
[18] ECF No. 1-3, Not. of Removal Ex. B (Pl.'s FAC).
[19] See id. ¶ 28.
[20] Id. ¶¶ 29-37.
[21] Id. ¶ 33.

days, SunTrust never did approve or deny it.[22]  Instead, a new dispute arose between Plaintiff and SunTrust regarding whether the application was timely or complete.

On May 5, 2016, Bank of America served Plaintiff with a three-day Notice to Quit.[23]  On May 16, 2016, Bank of America filed an unlawful detainer action against Plaintiff and his wife in the San Diego County Superior Court, case number 37-2016-00016108-CL-UD-NC (the "Unlawful Detainer Action").[24]

Plaintiff contends Defendants acted in bad faith, or with fraudulent intent, in failing to comply with the Settlement Agreement and moving forward with his eviction.[25]  He states causes of action (1) to quiet title to the Property; (2) for violations of California Civil Code sections 2923.6, 2923.7, and 2924.17; (3) for violation of California Business & Professions Code section 17200; (4) for declaratory relief; and (5) for fraud.  He seeks damages "in no event amounting to over $50,000," a judicial determination of the parties' rights, as well as orders enjoining Defendants from depriving him of ownership or possession of the Property, cancelling the Notice of Trustee's Sale, disgorging the title to the Property from Defendants, requiring Defendants to consider his appeal packages, and unspecified "statutory remedies" under California Civil Code section 2924[26]  The cover of the FAC states that the amount in controversy is "UNDER $75,000".

---

[22] Id. ¶¶ 35-36.
[23] Id. ¶ 51.
[24] ECF No. 9-2, Defs.' RJN ISO Opp. Mot. Prelim. Inj., Ex. H (Register of Actions, Bank of America NA v. Gustafson, Sup. Ct. of Cal., Cnty of San Diego Case No. 37-2016-00016108-CL-UD-NC).  In support of their opposition to Plaintiff's motion for preliminary injunction, Defendants submitted a request for judicial notice that attached, among other documents, the Register of Actions for the pending Unlawful Detainer Action filed by Bank of America against Plaintiff and his wife.  Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of public records related to legal proceedings in state courts. See Miles v. State of California, 320 F.3d 986, 987 (9th Cir. 2003) (district court taking judicial notice of related state court proceedings).  Therefore, the Court takes judicial notice of the foregoing document.  The Court additionally takes judicial notice that the electronic case search database from which Defendants obtained Exhibit H shows that the Unlawful Detainer Action is still pending.  Fed. R. Evid. 201(c)(1) (court may take judicial notice sua sponte).
[25] Not. of Removal Ex. B (Pl.'s FAC at ¶¶ 68, 73, 78-79).
[26] Id. at 16-17 (Prayer for Relief).

On June 13, 2016, the state court granted Plaintiff's ex parte application for a temporary restraining order ("TRO") and order to show cause ("OSC") why a preliminary injunction should not issue staying the pending unlawful detainer action and restraining the sale or transfer of the Property.[27]  The OSC hearing was scheduled for July 29, 2016.[28]

On July 6, 2016, Defendants removed the action to this Court on the basis of diversity jurisdiction.[29]  On August 11, 2016, Plaintiff filed a motion for preliminary injunction.  On August 26, 2016, Plaintiff filed a motion to remand.  Defendants oppose both motions.

III.   Motion to Remand

Because the Court cannot grant Plaintiff's motion for preliminary injunction if it lacks subject matter jurisdiction over this action, the Court considers Plaintiff's motion to remand first.

Plaintiff moves for remand on the ground that the amount in controversy in this case is insufficient to meet the jurisdictional threshold under 28 U.S.C. § 1332. "District courts ... have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and where all parties to the action are "citizens of different states." 28 U.S.C. § 1332(a).  Plaintiff appears to rely on two aspects of his FAC to show that the amount at stake in this case is less than $75,000:  the paragraph in his prayer for relief stating that he seeks less than $50,000 in general damages, and the cover of his FAC stating the amount in controversy is "<u>UNDER</u> $75,000."

Defendants respond that Plaintiff's allegations of the amount in controversy govern only if made in good faith (the implication being that Plaintiff's allegations are not).  They argue that because Plaintiff seeks injunctive relief preventing the

---

[27] ECF No. 1-4, Not. of Removal Ex. 3 at 3.
[28] Id.
[29] ECF No. 1, Not. of Removal.

6

16cv1733 BTM(KSC)

transfer of the Property, the real measure of the amount in controversy here is the value of the Property, which, based on judicially-noticeable documents, is worth more than $75,000. The Court agrees with Defendants.

After removal, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The removing defendant bears the burden to show that the amount in controversy exceeds $75,000. Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2014). If the plaintiff challenges the defendant's calculations, the parties may submit evidence outside the complaint, including affidavits, declarations, and "reasonable chain[s] of logic" to substantiate their assertions of the amount in controversy. LaCross v. Knight Transp. Inc., 775 F.3d 1200, 1201 (9th Cir. 2015). The court then decides whether, by a preponderance of the evidence, the aggregate value of the amount in controversy meets the $75,000 minimum. Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014). "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." Cain v. Hartford Life & Acc. Ins. Co., 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012).

Here, Defendants correctly assert that the value of the Property must be included when determining the amount in controversy in this litigation. Plaintiff's attempt to characterize the value of this case as less than $75,000 based solely on his general damages claim of less than $50,000 falls short, since he seeks to recover more in this case than just general damages. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002) (per curiam) (citation and internal quotation marks omitted). And in an action to quiet title, "the object in litigation is the Property." Champan v. Deustche Bank Nat'l Trust Co., 651 F.3d 1039, 1045 n. 2 (9th Cir.

1   2011) (citing <u>Garfinkle v. Wells Fargo Bank</u>, 483 F.2d 1074, 1076 (9th Cir. 1973));
2   <u>see also</u> <u>Graham v. U.S. Bank, N.A.</u>, No. 13-cv-01613 NC, 2013 WL 2285184, at
3   *3 (N.D. Cal. May 23, 2013) ("In an action to enjoin a foreclosure or quiet title, the
4   object of the litigation is the real estate itself....Therefore the property is the object
5   of the litigation and determines the amount in controversy." (citations omitted)).
6   Plaintiff states a claim to quiet title to the Property, and he seeks to enjoin
7   Defendants from depriving him of ownership of the Property, so the Property is at
8   stake in this litigation, and its value must be considered.

9   In support of their contention that the Property is worth enough to raise the
10  amount in controversy to more than $75,000, Defendants request judicial notice of
11  two documents:  (1) the Deed of Trust, recorded November 22, 2006, which
12  provided that the Property was the security for a loan in the amount of $495,000;
13  (2) a Notification of 2016 Taxable Value prepared by the Assessor of the County
14  of San Diego, stating that the 2016 net taxable value of the Property is $502,233.
15  [ECF No. 13-1, Exs. 1, 2.]   Federal Rule of Evidence 201 permits a court to take
16  judicial notice of a fact that "is not subject to reasonable dispute because it (1) is
17  generally known within the trial court's territorial jurisdiction; or (2) can be
18  accurately and readily determined from sources whose accuracy cannot
19  reasonably be questioned."  Fed. R. Evid. 201.  A court may take judicial notice of
20  undisputed matters of public record, including publicly recorded documents and
21  court filings. <u>Harris v. Cty. of Orange</u>, 682 F.3d 1126, 1132 (9th Cir. 2012); <u>Lee v.
22  City of Los Angeles</u>, 250 F.3d 668, 689-90 (9th Cir. 2001).  Plaintiff does not
23  oppose judicial notice or otherwise challenge the authenticity of the exhibits.
24  Therefore, the Court grants the request for judicial notice.

25  The Court finds Defendants have established by a preponderance of the
26  evidence that the amount in controversy is above the $75,000 minimum. The
27  Notification of 2016 Taxable Value submitted by Defendants shows that the net
28  taxable value of the Property was $502,233 as of June 30, 2016.  [RJN, Ex. 1.]

1  Plaintiff has not challenged this figure, nor has he presented any evidence of his
2  own. His allegation on the cover of the FAC purporting to describe the action as
3  placing "<u>UNDER</u> $75,000" in controversy is not credible in light of the fact that he
4  is suing to recover title to the Property, and the Property, on its own, was worth
5  well more than $75,000 at the time of removal.
6  Therefore, Plaintiff's motion to remand is denied.

IV.  <u>Doctrine of Prior Exclusive Jurisdiction</u>

Although the Court does not find that it lacks diversity jurisdiction, it has sua sponte considered whether the doctrine of prior exclusive jurisdiction deprives it of subject matter jurisdiction. See <u>State of Neb. ex rel. Dept. of Social Services v. Bentson</u>, 146 F.3d 676, 679 (9th Cir. 1998) ("Once a case is properly removed, a district court has the authority to decide whether it has subject matter jurisdiction over the claims."); see <u>Snell v. Cleveland, Inc.</u>, 316 F.3d 822, 826 (9th Cir. 2002) (courts may address matters of subject matter jurisdiction sua sponte). The Court concludes below that the doctrine of prior exclusive jurisdiction does apply, and that the case must therefore be remanded to state court.

"Ordinarily, 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" <u>Chapman v. Deutsche Bank Nat. Trust Co.</u> ("<u>Chapman I</u>"), 651 F.3d 1039, 1043 (9th Cir. 2011) (quoting <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 292 (2005)) (additional citation and internal quotes omitted). "However, '[c]omity or abstention doctrines may, in various circumstances, permit or require the federal court to stay or dismiss the federal action in favor of the state-court litigation.'" <u>Id.</u> (quoting <u>Exxon Mobil Corp.</u>, 544 U.S. at 292).

One such doctrine is "prior exclusive jurisdiction," pursuant to which "when one court is exercising in rem jurisdiction over a res, a second court will not assume in rem jurisdiction over the same res." <u>Marshall v. Marshall</u>, 547 U.S. 293, 311 (2006). "'[W]here the jurisdiction of the state court has first attached, the federal

court is precluded from exercising its jurisdiction over the same res to defeat or impair the state court's jurisdiction.'" Chapman I, 651 F.3d at 1044 (quoting Kline v. Burke Constr. Co., 260 U.S. 226, 229 (1922)). "When applying the doctrine, courts should not 'exalt form over necessity,' but instead should 'look behind the form of the action to the gravamen of a complaint and the nature of the right sued on.'" Id. (quoting State Eng'r, 339 F.3d at 810). "[W]here parallel state and federal proceedings seek to determine interests in a specific property as against the whole world (in rem), or where the parties' interests in the property serve as the basis of the jurisdiction (quasi in rem), then the doctrine of prior exclusive jurisdiction fully applies." Id. (internal quotes and citations omitted).

The doctrine is "no mere discretionary abstention rule. Rather, it is a mandatory jurisdictional limitation." Chapman I, 651 F.3d at 1043 (quoting State Eng'r v. S. Fork Band of T-Moak Tribe of W. Shoshone Indians, 339 F.3d 804, 810 (9th Cir. 2003)). Courts in the Ninth Circuit "are bound to treat the doctrine as a mandatory rule, not a matter of judicial discretion." Id. at 1044. "If the doctrine applies, federal courts may not exercise jurisdiction." Id.

In Chapman I, plaintiffs lost their home in foreclosure proceedings. Id. at 1042. After an unlawful detainer action was filed against them in Nevada state court, plaintiffs filed a separate state court action alleging that the defendants had failed to comply with statutory notice requirements and had wrongfully foreclosed on their property. Id. They sought a judgment that the trustee's sale was void ab initio, an order quieting title in their names, and actual and punitive damages. Id. The action was subsequently removed to federal court. Id. at 1041. Plaintiffs moved for remand on grounds of abstention, and the district court denied the motion. Id. at 1042. On appeal, the Ninth Circuit held that the prior exclusive jurisdiction doctrine appeared to apply, since there were concurrent actions involving title to the same property, and since the unlawful detainer action took priority. Id. at 1042-43. However, it found itself unable to decide the outcome-

determinative questions whether, under Nevada law, quiet title actions and unlawful detainer actions were in rem or quasi in rem, and certified those questions to the Nevada Supreme Court. Id. at 1045-48. The Nevada Supreme Court answered the certified questions and held that quiet title actions and unlawful detainer actions were proceedings in rem or quasi in rem. Chapman v. Deutsche Bank Nat'l Trust Co., 302 P.3d 1103, 1106-08, 129 Nev. Adv. Op. 34 (Nev. 2013). Based on this answer, the Ninth Circuit found that "the doctrine of prior exclusive jurisdiction fully applies," and remanded for the district court to determine whether the unlawful detainer action was still pending, in which case it would have to dismiss for lack of subject matter jurisdiction. Chapman v. Deutsche Bank Nat'l Trust Co. ("Chapman II") 531 Fed. Appx. 832, 833 (9th Cir. 2013).

Here, as in Chapman I, there are two concurrent actions involving the same Property: this case, and the Unlawful Detainer Action pending in San Diego Superior Court.[30] To determine whether prior exclusive jurisdiction applies, the Court first must evaluate the priority of the actions. In Chapman I, the Ninth Circuit determined priority by comparing the filing date of the concurrent unlawful detainer action with the date when the notice of removal was filed in the federal quiet title action. Chapman I, 651 F.3d at 1044. Because the unlawful detainer case was filed in state court before the notice of removal was filed with the federal court, the unlawful detainer action had priority. Id. at 1045. Here, the unlawful detainer action was filed on May 16, 2016. Defendants' Notice of Removal was not filed until July 6, 2016. Therefore, under the Ninth Circuit's reasoning in Chapman I, the unlawful detainer action takes priority.

The second issue the Court must determine is how to characterize the concurrent actions. If both of the pending actions are in rem or quasi in rem, the prior exclusive jurisdiction doctrine applies. In California, quiet title actions are

---

[30] See fn. 24, supra.

considered proceedings in rem, and unlawful detainer actions are categorized as quasi in rem. Scherbenske v. Wachovia Mortg., FSB, 626 F. Supp. 2d 1052, 1057-58 (E.D. Cal. 2009).

The characterization of Plaintiff's action is based not on its form but on the gravamen of the complaint. Chapman I, 651 F.3d at 1044. "We reject the suggestion that where a merits claim and a declaratory relief claim are combined in one action a different abstention inquiry is required for each claim. Such a rule would increase, not decrease, the likelihood of piecemeal adjudication or duplicative litigation…." 40235 Washington Street Corp. v. Lusardi, 976 F.2d 587, 589 (9th Cir. 1992) (per curiam); see also Azucena v. Aztec Foreclosure Corp., 536 Fed. Appx. 759, 760 (9th Cir. 2013) ("Although Azucena's complaint alleges three claims, her quiet title action is the gravamen of her complaint. The nature of her claim does not change because she requests monetary damages in addition to the central relief—quiet title—she requests."). Here, Plaintiff's FAC states other claims in addition to the quiet title claim. However, the equitable remedies prayed for in the FAC confirm that the gravamen of this action is to quiet title to the Property. Plaintiff seeks orders cancelling the Notice of Trustee's Sale and any subsequent recording (effectively vacating the foreclosure proceedings by which Bank of America took title to the Property), "disgorg[ing]" title to the Subject Property from Defendants, and enjoining Defendants from "performing any act to deprive Plaintiff of ownership or possession of his real property, including but not limited to, recording any deeds or mortgages regarding the property…" FAC at 15-16. While he also seeks damages, these claims make clear that the central form of relief Plaintiff seeks is recovery of title to the Property, and that quieting title is thus the gravamen of the FAC. Azucena, 536 Fed. Appx. at 760; Chapman I, 651 F.3d at 1045.

In sum, the instant action pending in this Court, and the unlawful detainer action pending in the Superior Court for the County of San Diego, are concurrent

in rem or quasi in rem actions regarding the same Property. Because the latter action takes priority, the doctrine of prior exclusive jurisdiction applies. Chapman I, 651 F.3d at 1044-45. Therefore, the Court will remand this case.

V.   Conclusion

For the foregoing reasons, the Court ORDERS as follows:

1) Plaintiff's Motion to Remand [ECF No. 11] is DENIED;

2) Having determined sua sponte that the doctrine of prior exclusive jurisdiction applies, the Court REMANDS this action to the Superior Court of California, County of San Diego;

3) Plaintiff's Motion for Preliminary Injunction [ECF No. 8] is DENIED as moot.

IT IS SO ORDERED:

Dated:  December 27, 2016

_____
Barry Ted Moskowitz, Chief Judge
United States District Court